IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ED DAIE,

    Plaintiff,

v.

INTEL CORPORATION, THE REED GROUP, LTD., CLAIM APPEAL FIDUCIARY SERVICES, INC., and DOES 1–50,

    Defendants.

No. C 16-02205 WHA

**ORDER RE MOTION TO DISMISS AND MOTION TO TRANSFER VENUE**

## INTRODUCTION

In this action for intentional infliction of emotional distress arising out of the administration of a disability plan governed by the Employee Retirement Income Security Act of 1974, defendants move to dismiss on preemption grounds. Defendants alternatively move to dismiss for improper venue or to transfer the action to the District of Arizona. For the reasons stated below, defendants' motion to transfer is **GRANTED**. The motion to dismiss will be for the District of Arizona to decide.

## STATEMENT

Our plaintiff Ed Daie, a former employee of defendant Intel Corporation and a resident of Arizona, brings claims for intentional infliction of emotional distress arising out of the administration of the Intel Corporation Long Term Disability Plan (the "Plan"). Daie worked for Intel for twenty-seven years and worked the final seven years of his career working at home

in Arizona as a server memory technology director. Daie applied for long-term benefits from the Plan after taking an unpaid leave of absence from his position.

At all relevant times, Intel self-funded the Plan pursuant to the Employment Retirement Income Security Act of 1974. Intel delegated all claims administration and discretionary authority to The Reed Group, Ltd., and Claim Appeals Fiduciary Services, Inc. (so all agree there is no conflict of interest in the administration of Daie's claims).

Reed was and remains a Colorado corporation with its headquarters in Colorado. CAFS was and remains a Colorado corporation with its headquarters in Georgia. Neither Reed nor CAFS performed any claims administration in California. Their only contacts with California arguably relating to this action were their respective contractual relationships with the Plan, which had been formed in California, and their communications with Daie's counsel (Onada Decl. ¶¶ 3–4; Zimon Decl. ¶¶ 2–4).

The complaint alleges that throughout the process of determining Daie's claim for long-term disability benefits under the Plan, Reed and CAFS, as claims administrators for the Plan, engaged in outrageous intentional conduct with the aim of forcing Daie to drop his claim for benefits. The alleged conduct included *inter alia*, accusing Daie of lying about his disability, intentionally misstating his physicians' statements, and pressuring him to undergo medical examinations without considering their results. In this action, Daie asserts a claim for intentional infliction of emotional distress (Compl. ¶¶ 30–31, 32–38).

\*            \*            \*

The procedural history of Daie's disputes relating to the Plan and the administration thereof is bizarre.

In July 2015, Daie filed an action for intentional infliction of emotional distress in San Francisco Superior Court against our defendants as well as Aetna Life Insurance Company, which is not a party to this action. The defendants removed the action to federal court here in San Francisco, where it was assigned to the undersigned judge (Case No. 15-3813).

Defendants contended that removal was proper because Daie's claims were completely preempted by ERISA. Daie moved to remand the action, and defendants moved to dismiss the

2

1   action for improper venue. Defendants also moved to transfer the action to the District of
2   Arizona. In November 2015, an order held that ERISA did not completely preempt Daie's
3   claims, so defendants' removal was improper. That order remanded Daie's IIED action to state
4   court.

5   One week later, Daie filed an action in federal court in San Francisco for the recovery of
6   benefits under ERISA, naming Intel, Reed, CAFS, and the Plan as defendants (Case No. 15-
7   5255). The new action was related to Daie's first IIED action and reassigned to the
8   undersigned. Defendants again moved to transfer to the District of Arizona. On February 18,
9   2016, an order denied the motion to transfer, inasmuch as the case would be decided based on
10  the administrative record, so a transfer would have wasted judicial resources.

11  On February 22, 2016, the San Francisco Superior Court dismissed Daie's IIED action
12  for *forum non conveniens*, holding that "the balance of private and public interests tipp[ed]
13  decidedly in favor of [Arizona]" (Dkt. No. 14-1). Notwithstanding the state court decision
14  holding that his IIED claim belonged in Arizona, Daie commenced the instant action here in
15  federal court in San Francisco in April 2016, asserting nearly identical IIED claims. The action
16  was related to Daie's earlier actions and reassigned to the undersigned.

17  Defendants now move to dismiss for improper venue or to transfer it to the District of
18  Arizona. Defendants concurrently move to dismiss on the theory that Daie's claims are subject
19  to conflict preemption under ERISA. This order follows full briefing and oral argument. Oral
20  argument on the parties' cross–motions for summary judgment in Daie's action for the recovery
21  of benefits occurred on the same day as oral argument on the instant motions. An order granted
22  summary judgment for the defendants in that action the same day as this order.[1]

**ANALYSIS**

24  Defendants move to dismiss the action for improper venue under Rule 12(b)(3).
25  Pursuant to Section 1391(b) of Title 28 of the United States Code, venue is proper in:

---

[1] ERISA preempts state law in two distinct ways. Defendants do *not* seek to revive their theory, already rejected, that Daie's claim is completely preempted by ERISA pursuant to ERISA Section 504(a). Rather, they contend that his claim is preempted because it "relates to" an ERISA plan pursuant to ERISA Section 514(a). *See also Ingersoll-Rand Co. v. McClendon*, 498 U. S. 133, 139, 141 (1990).

3

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

If venue is improper, "the case must be dismissed or transferred under" Section 1406(a) of Title 28 of the United States Code. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. ___, 134 S. Ct. 568, 577 (2013). When evaluating a motion to dismiss for improper venue, a court may consider facts outside the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).[2]

Daie contends that venue in this district is proper because a substantial part of the events giving rise to his claim occurred here. Daie is incorrect, as now discussed.

Daie avers that the "primary defendant, Intel Corporation" is headquartered in Santa Clara and that it issued his employment contract and subscribed him to the Plan from that location. He also notes that Intel drafted the ERISA plan in-house in Santa Clara and that it self-funds the Plan. Thus, he argues, a substantial part of the conduct giving rise to his claims occurred in California.

Daie's argument that Intel is the "primary defendant" is unsupported. Intel's role in this action is as the entity that contracted with the alleged direct tortfeasors — Reed and CAFS. Far from being a "primary" defendant Intel appears to be little more than a nominal defendant.

It is ironic that Daie relies so heavily on conduct related to the Plan in seeking to establish venue in his opposition to defendants' motion to dismiss for improper venue because in his opposition to defendants' concurrently-filed motion to dismiss on preemption grounds he strenuously seeks to distance the basis for his claim from the Plan. Indeed, he *must* distance his

---

[2] Notably, "the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (quoting 28 U.S.C. 1441(a)). Thus, venue was proper (though perhaps not convenient) as to Daie's first IIED action.

4

claim from the Plan because if "the court's inquiry must be directed to the plan" to adjudicate Daie's claim, the claim is preempted by ERISA. *Ingersoll-Rand*, 498 U.S. at 140.  Thus, while this order declines to opine on whether Daie has alleged any conduct that can survive ERISA preemption, reserving that issue for the transferee court, it rejects Daie's arguments that the formation of the Plan and its administrative structure constituted any part of his claims.

Daie's tort claim may only survive preemption to the extent it "does not depend on or derive from his claim in any meaningful way." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 983 (9th Cir. 2001).  To the extent he has alleged *any* such conduct, its impact was undisputedly felt by Daie in Arizona.  No relevant conduct occurred in California.  Thus, because a substantial part of the allegations that give rise to Daie's claim occurred in Arizona, and none occurred in California, venue is improper in the Northern District of California.

Rather than dismiss this action entirely, requiring the parties to start from scratch a third time, however, this order transfers the action to the District of Arizona.[3]

## CONCLUSION

For the reasons stated above, this action is hereby **TRANSFERRED** to the District of Arizona.  This order does not address defendants' motion to dismiss, which should be re-noticed for the transferee court.  The Clerk shall please **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: August 10, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[3] The conclusion herein is not at odds with the order denying the motion to transfer Daie's action for the recovery of benefits. *First*, venue *was* proper in that case, inasmuch as ERISA's venue provision authorizes suit, *inter alia*, "where a defendant resides or may be found." 29 U.S.C. 1132(e)(2). *Second*, Daie's claim for the recovery of benefits relied entirely on the administrative record, so a transfer would have been of minimal benefit.

5